UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE W. MITCHEM,

    Plaintiff,

v.                                              Case No. 1:14-cv-556
                                                   Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on November 12, 1957 (AR 165).[1] He completed high school, had specialized training in the building trades, carpentry and plumbing, and past employment as a home inspector, contractor, carpenter, house builder and plumber (AR 40, 170). Plaintiff alleged a disability onset date of November 1, 2012 (AR 165). Plaintiff identified his disabling conditions as: problems using his right hand, feet and neck; "standing issues"; injury to both feet; "neck fusion injury"; and "right hand and wrist bones removed injury and or damaged" (AR 169). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on November 25, 2013 (AR 32-41). This decision, which was later approved by

---

[1] Citations to the administrative record will be referenced as (AR "page #").

the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of

November 1, 2012 and that he met the insured status requirements of the Social Security Act through December 31, 2016 (AR 34). At the second step, the ALJ found that plaintiff had the following severe impairments: residual effects post-surgery on the right ankle/ankle tendonitis; status post cervical surgery; status post right hand/wrist surgery; degenerative disc disease; and obesity (AR 34). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 35).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally, and 10 pounds frequently; stand and/or walk up to 4 hours in an 8 hour work day; and sit up to 6 hours in an 8 hour workday. With respect to postural limitations, the claimant can never climb ladders, ropes or scaffolds; but can less than frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant is unable to perform work that requires him to be barefoot or in stockings; in other words the claimant must be able to have shoes on at all times.

(AR 35).

The ALJ also found at the fourth step that plaintiff could perform his past relevant work in the foreclosure business as a home inspector (AR 40). The ALJ found that this work did not require the performance of work related activities precluded by his residual functional capacity (RFC):

> The vocational expert testified that based on claimant [sic] testimony, the office portion of the claimant's self-employment/home inspection job that dealt with foreclosure activity, was best classified by the jobs of sales manager and contractor. The vocation expert further testified that an individual with the established residual functional capacity would be able to perform the claimant's past relevant work dealing with foreclosure activity, comprised of the sales manager and contractor jobs.

(AR 40). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from November 1, 2012 (the alleged onset date) through November 25, 2013 (the date of the decision) (AR 41).

### III. ANALYSIS

Plaintiff raised two issues on appeal:

**A.   The ALJ found that plaintiff's status post right-hand surgery causes more than minimal limitation in his ability to perform work-related activities, but failed to include any limitations with his right hand within the RFC. Did the ALJ's RFC fail to fully convey the most plaintiff can do, as required by 20 C.F.R. § 404.1545?**

Plaintiff contends that the ALJ's RFC failed to address any limitations related to his severe impairment of status post right hand/wrist surgery (AR 34). Whether a plaintiff has a "severe impairment" is determined at step two of the sequential evaluation, and defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A claimant's RFC is determined at step four of the sequential evaluation. *See Gentry v. Commissioner of Social Security*, 741 F.3d 708, 722 (6th Cir. 2014). RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 530 (6th Cir. 1992).

"A claimant's severe impairment may or may not affect his or her functional capacity to do work." *Griffeth v. Commissioner of Social Security*, 217 Fed. Appx. 425, 429 (6th Cir. 2007). This is because "[t]he regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms." *Griffeth*, 217 Fed. Appx. at 429, citing 20 C.F.R. § 404.1545(e). *See, e.g., West v. Colvin*, No. 5:14-69-KKC, 2014 WL 7177925 at *4 (E.D. Ky. Dec. 6, 2014) ("[t]he ALJ is not required to incorporate all 'severe impairments' in her RFC assessment").

Here, the ALJ addressed the limitations posed by plaintiff's condition after his right wrist surgery. The ALJ noted that plaintiff underwent right wrist surgery (a proximal row carpectomy (PRC), radial styloidectomy, and posterior interosseous neurotomy (PIN)) in July 2011 (AR 34). Imaging studies in September 2011 showed no evidence of arthritis and he was given a post-surgery lifting restriction of 10 pounds (AR 35). In October 2011, plaintiff showed slight swelling at the wrist, with grip strength at 100% and advised that he could continue with activities as tolerated (AR 35). The ALJ noted that plaintiff did not attend a recommended follow up visit for his wrist three months after that date and that when plaintiff visited his primary care physician in May 2013, he denied any hand pain (AR 35). Plaintiff points out that he reported chronic right wrist pain at a doctor's visit in July 2013. Plaintiff's Brief at p. ID# 379 (docket no. 10). However, there was no testing or notation regarding his wrist made at that time (AR 272).

While the ALJ found that plaintiff had a severe impairment of status post right hand/wrist surgery, there is little medical evidence of functional limitations posed by the surgery after the November 1, 2012 alleged onset date. *See Griffeth*, 217 Fed. Appx. at 429. In addition, while plaintiff testified that he cannot lift with his right hand (AR 69), plaintiff reported in a function

6

report that he was able to lift 20 pounds, without reference to use of the left, right or both hands (AR 39, 195). Based on this record, substantial evidence supports the ALJ's RFC determination that plaintiff can lift 20 pounds occasionally and 10 pounds frequently. This determination accounted for the functional limitations caused by his severe impairment of status post right hand/wrist surgery. Accordingly, plaintiff's claim of error will be denied.

> **B.   When discounting the opinion of treating physician, Michael App, M.D., the ALJ: relied on progress notes outside of the relevant time period; failed to acknowledge the treatment records that lend substantial support to Dr. App's opinion; failed to identify the evidence that was purportedly inconsistent with Dr. App's opinion; and mischaracterized plaintiff's testimony. Did the ALJ fail to properly weigh the treating source opinion of Dr. App, as required by 20 C.F.R. § 404.1527(c)?**

Plaintiff contends that the ALJ improperly discounted Dr. App's opinion. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed,

longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Dr. App completed a two-page Physical Capacities Assessment dated July 24, 2013 (AR 264-65). With the exception of two short narrative questions regarding diagnoses and the medical conditions that affect plaintiff's ability to work, the assessment is in a multiple-choice format (AR 264-65). Dr. App diagnosed plaintiff with chronic left ankle pain due to failed multiple surgeries, chronic right wrist pain ("bone removed") and failed multiple surgeries, and chronic cervical neck pain from failed fusion (AR 264). The doctor stated that plaintiff was unable to work due to multiple failed right wrist/ankle surgeries and a failed neck surgery (AR 264). In the multiple choice section of the assessment, the doctor indicated that plaintiff could never lift weight, stand, walk, bend or stoop (AR 264). The only activity that plaintiff could perform during an eight-hour workday was to sit for one to two hours (AR 264). In addition, Dr. Apps checked "yes" to all of the

remaining questions regarding the following limitations: the patient would have serious limitations as to pace and concentration; the patient would need a sit-stand option, as symptoms dictate, at will (even though the doctor also stated that plaintiff could "never" stand);[2] due to his symptoms, the patient would likely miss three or more days of work per month and be tardy three or more days per month; the patient is best suited to part-time work, as opposed to full-time work; the patient would need breaks from work as symptoms dictate; and the combined effect of these impairments on patient's activities is greater than the effect of each impairment considered separately (AR 264-65).

Despite precluding plaintiff from virtually any activity, the assessment contains no supporting documentation or references to particular medical records. The ALJ addressed Dr. App's opinion as follows:

> Little weight has been given to the assessment completed in July 2013 by Michael App, M.D., the claimant's primary care physician, who assessed the claimant with limitations that would preclude all work activity. For example, Dr. App assessed the claimant with the ability to sit 1 to 2 hours in an 8-hour work day, never stand and walk, and never lift any weight. Yet, this assessment is inconsistent with the overall evidence, as the claimant has stated that he is capable of lifting about 20 pounds. There are also no indication that the claimant's ability to stand, sit or walk is limited to a maximum of 1 to 2 hours in an 8 hour work day. These limitations are neither consistent with the objective evidence nor suggested in progress notes. This is best highlighted in progress notes following his December 2011 surgery, where the claimant reported that he had no pain with sitting (Exhibit 4F; Social Security Ruling 96-2p).

(AR 39-40).

Based on this record, the Court concludes that the ALJ gave good reasons for assigning little weight to Dr. App's opinion regarding the lifting restrictions adopted by Dr App (i.e., plaintiff stated that he could lift up to 20 pounds) and his opinion regarding plaintiff's ability to sit

---

[2] The Court notes that Dr. App's opinion contains an internal inconsistency, i.e., while the doctor stated that plaintiff cannot stand, he also states that plaintiff should be given a sit/stand option.

and stand. However, the Court reaches a different conclusion with respect to the doctor's opinion regarding plaintiff's other limitations. Here, the ALJ stated that the doctor's limitations were neither consistent with the objective evidence nor suggested in the progress notes, referring only to "progress notes following [plaintiff's] December 2011 surgery" (AR 40). This vague reference to progress notes in plaintiff's medical record (which consists of 117 pages) does not satisfy the "good reasons" requirement for rejected the doctor's opinion. *See* Medical Records, Exhibits 1F-12F (docket no. 7-7).

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). In this case, the Court cannot trace the path of the ALJ's reasoning in rejecting Dr. App's opinion with respect to plaintiff's limitations other than the weight lifting and sitting and standing restriction. Accordingly, the ALJ's decision will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is

directed to re-evaluate Dr. App's July 24, 2013 opinion with respect to all limitations except for the weight lifting and sitting and standing restriction.  If this re-evaluation results in a new RFC, then the ALJ should also re-evaluate the vocational evidence at step five.  A judgment consistent with this opinion will be issued forthwith.

Dated:  July 20, 2015 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge